UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADRIANO QUITERO RODRIQUEZ

    Petitioner

v.                                                    Case No.:  8:09-cv-1630-T-24TGW
                                                                      8:04-cr-84-T-24TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This cause is before the Court upon Petitioner Adriano Quitero Rodriquez's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Because review of the motion and the file and records of the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255 (b).

**I.    Background**

Petitioner was charged with and pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. Appendix, Section 1903(g) and 1903(j). Petitioner's written plea agreement contained an appeal waiver clause and a factual basis for the charge to which Petitioner pled guilty. On November 17, 2004, Petitioner was sentenced to 135 months imprisonment, and the judgment was entered against him. Petitioner appealed and the judgment and sentence were affirmed on August 26, 2005.

## II. Discussion

Petitioner asserts several grounds in support of his contention that he is entitled to relief under § 2255. However, because his motion is untimely, the motion is denied.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

>   (1)   the date on which the judgment of conviction becomes final;
>   (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>   (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
>   (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

*Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)). Adriano Quitero Rodriquez's conviction became final when the time for filing a petition for writ of certiorari expired. Therefore, Petitioner's conviction became final on November 26, 2005.

Petitioner had one year from November 26, 2005 in which to file his § 2255 motion. Petitioner, however, did not file his motion until August 11, 2009. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (ruling that a pro se prisoner's § 2255 motion is deemed to be filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date the prisoner signed it). The motion is therefore time barred unless Petitioner can show that he was prevented from filing a timely petition because of extraordinary circumstances that were both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "The burden of

establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Petitioner has made no showing that he was prevented from filing a timely petition.

## III. Conclusion

Accordingly, Petitioner's § 2255 motion to vacate is **DENIED** as time barred. The Clerk is directed to enter judgment against Petitioner in the civil case and to close this case**.**

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of August, 2009.

SUSAN C. BUCKLEW  
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner, Adriano Quitero Rodriquez