UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADRIANO QUITERO RODRIGUEZ,

    Petitioner,

v.                                        Case No.: 8:09-cv-1630-T-24-TGW
                                                              8:04-cr-84-T-24-TGW

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **ORDER**

This cause comes before the Court on Petitioner Adriano Quitero Rodriguez's "Motion to Review Sentence Imposed by the Court Pursuant to Title 28 U.S.C. 2255 to Vacated Sentence Iside [sic] Court." (Civ. Doc. No. 5.) The Court construes this motion as a motion for reconsideration of the Court's August 21, 2009 order denying Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. No. 2.)

**I.    Background**

Petitioner was charged with and pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. Appendix, Section 1903(g) and 1903(j). On November 17, 2004, Petitioner was sentenced to 135 months imprisonment, and the judgment was entered against him. Petitioner appealed, and the judgment and sentence were affirmed on August 26, 2005.

Approximately four years later, on August 11, 2009, Petitioner filed motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. No. 1.) After thorough review, the Court denied that motion on August 21, 2009, finding that, although Petitioner had

asserted several grounds in support of the motion, the motion was untimely. (Civ. Doc. No. 2.) Judgment was entered against Petitioner in the civil case on August 24, 2009. (Civ. Doc. No. 3.)

## II. Discussion

On September 11, 2009, Petitioner filed the instant motion, which the Court construes as a motion for reconsideration of the Court's order denying the underlying § 2255 motion. Reconsideration, or rehearing, is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Int'l Union of Painters v. Argyros*, No. 05-1661, 2007 WL 1577840, at *1 (M.D. Fla. May 31, 2007) (citations and quotations omitted).

Petitioner's motion contains six pages of rambling, disjointed references to caselaw and random facts that have no relevance to Petitioner's criminal or civil cases. Viewing the motion liberally, the Court is unable to discern even a single argument for reconsideration that Petitioner has articulated. Moreover, the Court has taken an independent review of the underlying § 2255 motion and the Court's order denying that motion. The Court, on its own, has found no basis for reconsideration of that order. Accordingly, the motion must be denied, as it falls short of the required showing for reconsideration.

## III. Conclusion

For the reasons stated, Petitioner's motion, which the Court construes as a motion for reconsideration of the Court's August 21, 2009 order denying Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255, is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of October, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record